Slip Op. 11-10

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------x
                                                 :
ESSAR STEEL LIMITED,                             :
                                                 :
         Plaintiff,                              :
                                                 :
         v.                                      :     Before: Judith M. Barzilay, Judge
                                                 :     Court No. 09-00197
UNITED STATES,                                   :
                                                 :
         Defendant,                              :
                                                 :
         and                                     :
                                                 :
UNITED STATES STEEL                              :
CORPORATION,                                     :
                                                 :
         Defendant-Intervenor.                   :
                                                 :
-------------------------------------------------x
```

## **OPINION**

[The court sustains the U.S. Department of Commerce's Final Results of Redetermination.]

*Arent Fox LLP* (*Mark P. Lunn*, *Kay C. Georgi* and *Diana Dimitriuc Quaia*), for Plaintiff Essar Steel Limited.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*David D'Alessandris*), for Defendant United States; *Deborah R. King*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Of Counsel, for Defendant.

*Skadden Arps Slate Meagher & Flom, LLP* (*Robert E. Lighthizer*, *Jeffrey D. Gerrish* and *Nathaniel B. Bolin*), for Defendant-Intervenor United States Steel Corporation.

Dated: January 25, 2011

Barzilay, Judge: This matter returns to the court following the remand of the U.S. Department of Commerce's ("Commerce") final results of the fifth administrative review of the

countervailing duty order on certain hot-rolled carbon steel flat products from India.  *See Essar Steel Ltd. v. United States*, 34 CIT __, 721 F. Supp. 2d 1285 (2010) ("*Essar I*"); *Certain Hot-Rolled Carbon Steel Flat Products from India*, 74 Fed. Reg. 20,923 (Dep't of Commerce May 6, 2009) (final admin. review).  In relevant part, the court's previous opinion questioned Commerce's determination that Plaintiff Essar Steel Limited ("Plaintiff") benefitted from the Chhattisgarh Industrial Policy ("the Policy") during the period of review, January 1, 2007 to December 31, 2007.  *Essar I*, 34 CIT at __, 721 F. Supp. 2d at 1300-01.  Specifically, the court could not discern how Commerce reconciled its finding in the fourth administrative review that Plaintiff could not benefit from the Policy from 2004 through 2009 with its application in this administrative review of an adverse facts available 54.69 per cent *ad valorem* rate against Plaintiff for benefits allegedly received from the same program.  *Id.*  Consequently, the court ordered Commerce to reopen and place on the administrative record documents from the previous administrative review, Admin. R. Conf. Doc. 1229 Ex. 4 and 1193 Ex. 9 ("the Documents"), and to consider them in its reassessment of whether Plaintiff benefitted from the Policy.  *Essar I*, 34 CIT at __, 721 F. Supp. 2d at 1301.  In its remand determination, Commerce found that Plaintiff did not benefit from the Policy.  *Redetermination Pursuant to Court Remand*, C-533-821, at 5 (Dep't of Commerce Oct. 28, 2010) (final results) ("*Redetermination*").  The court sustains the *Redetermination* for the reasons below.

## I.  Standard of Review

The Court will hold as unlawful any Commerce determination "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

Court No. 09-00197                                                                                    Page 3

## II.  Discussion

Defendant-Intervenor United States Steel Corporation ("U.S. Steel") now challenges Commerce's determination that Plaintiff did not benefit from the Policy on two grounds.  U.S. Steel first claims that the Documents underscore the need for Commerce to apply adverse facts available because they show that Plaintiff did not act to the best of its ability during the administrative review.  Def.-Intervenor Br. 3-7.  This contention lacks merit.  The Documents, provided by the State Government of Chhattisgarh, verify that Plaintiff did not benefit from the Policy during the period of review because Plaintiff was not eligible to receive benefits from 2004 through 2009.  *See Redetermination* at 4; Admin. R. Conf. Doc. 1229 Ex. 4 and 1193 Ex. 9.  Commerce therefore reasonably supported its finding that Plaintiff did not benefit from the Policy with substantial evidence.

Second, U.S. Steel insists that the court should not have ordered Commerce to consider the documents on remand.  Def.-Intervenor Br. 7-9.  Although U.S. Steel could have raised this contention in a motion for reconsideration within 30 days of the filing of *Essar I*, *see* USCIT R. 59(b), that time has passed, and the issue is not properly before the court.  *See Former Emps. of Quality Fabricating, Inc. v. United States*, 28 CIT 1061, 1070, 353 F. Supp. 2d 1284, 1292 (2003) ("Pursuant to the law of the case doctrine, when a court decides upon a rule of law, that decision continues to govern the same issues in subsequent phases of the case . . . . If Defendant had wished to challenge that finding, a motion for reconsideration would have been the appropriate motion.") (citing *Arizona v. California*, 460 U.S. 605, 618 (1983) (internal citation omitted)).  The court nevertheless wishes to reiterate that in *Essar I*, the court found that the stark contrast between Commerce's finding in the fourth administrative review that Plaintiff could not

have benefitted from the Policy between 2004 and 2009 and its assessment of a 54.69 per cent *ad valorem* duty for benefits received from the same program during the fifth administrative review constituted an exceptional case that warranted the reopening of the administrative record. *Essar I*, 34 CIT at __, 721 F. Supp. 2d at 1300-01; *see Home Prods. Int'l, Inc. v. United States*, 33 CIT __, __, 675 F. Supp. 2d 1192, 1199 (2009). As the Federal Circuit has held, "Congress' desire for speedy determinations . . . should not be interpreted as authorizing proceedings that are based on inaccurate data," and when new facts emerge "between the date of an agency . . . decision and the date of decision on appeal," a court may properly rely upon those new facts and direct the agency to consider them upon remand. *Borlem S.A.-Empreedimentos Industriais v. United States*, 913 F.2d 933, 937, 939 (Fed. Cir. 1990) (citation omitted); *see Anshan Iron & Steel Co. v. United States*, 28 CIT 1728, 1736-37, 358 F. Supp. 2d 1236, 1243 (2004). *See genearlly Borlem S.A.-Empreedimentos Industriais*, 913 F.2d at 937-41.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Commerce's determination that Plaintiff did not benefit from the Chhattisgarh Industrial Policy is **SUSTAINED**; and it is further

**ORDERED** that Commerce's *Redetermination* is **SUSTAINED**.

Dated:   January 25, 2011                              /s/ Judith M. Barzilay
         New York, New York                            Judith M. Barzilay, Judge

Slip Op. 11-10

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
ESSAR STEEL LIMITED,                                   :
                                                       :
            Plaintiff,                                 :
                                                       :
        v.                                             :     Before: Judith M. Barzilay, Judge
                                                       :     Court No. 09-00197
UNITED STATES,                                         :
                                                       :
            Defendant,                                 :
                                                       :
        and                                            :
                                                       :
UNITED STATES STEEL                                    :
CORPORATION,                                           :
                                                       :
            Defendant-Intervenor.                      :
                                                       :
-------------------------------------------------------x
```

## JUDGMENT

Upon consideration of the U.S. Department of Commerce's ("Commerce") *Final Results of Redetermination* of the fifth administrative review of the countervailing duty order on certain hot-rolled carbon steel flat products from India, the briefs filed by the parties, the record evidence, the court's opinions in this case on August 19, 2010 and January 25, 2011, and all other papers filed in this matter, it is hereby

**ORDERED** that Commerce's administrative findings in the fifth administrative review are **SUSTAINED**; and it is further

**ORDERED** that this case is **DISMISSED**.

Dated:  January 25, 2011                    /s/ Judith M. Barzilay
        New York, NY                              Judge